DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael Leach appeals from an order of the Medina Court of Common Pleas denying his motion for judicial release. This Court affirms.
 I.
The Medina County Grand Jury indicted Leach on one count of felonious assault, in violation of R.C. 2903.11; failure to comply with the order of a police officer, in violation of R.C. 2921.331; and one count of aggravated vehicular assault, in violation of R.C. 2903.08. Leach pled not guilty to the charges.
On November 19, 1999, the trial court convened a hearing where Leach recanted his pleas of not guilty, and entered a plea of no contest to failure to comply with the order of a police officer and to aggravated vehicular assault. The state dismissed the charge of felonious assault.
On January 7, 2000, the trial court convened a sentencing hearing. Leach was sentenced to a combined twenty-eight months in prison. No direct appeal was taken from this judgment.
On January 21, 2000, Leach filed a motion to modify sentence. A hearing was held on the motion on February 18, 2000. The trial court denied the motion on March 3, 2000. No appeal was taken from this judgment.
On March 21, 2000, Leach filed a motion for judicial release pursuant to R.C. 2929.20. On April 14, 2000, a hearing was convened on the motion. The trial court denied judicial release on April 17, 2000.
Leach now appeals from the order denying judicial release.
 II. FIRST ASSIGNMENT OF ERROR BASED ON THE EVIDENCE IN THIS CASE AND [R.C.] 2929.41(A) AND [R.C.] 2929.14(E), THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO SIXTEEN (16) MONTHS IN PRISON FOR VIOLATION OF [R.C.] 2903.08, AGGRAVATED VEHICULAR ASSAULT, A FOURTH DEGREE FELONY. THE SENTENCE IS IMPERMISSIBLY EXCESSIVE AND MUST BE REDUCED TO CONFORM TO LAW.
 SECOND ASSIGNMENT OF ERROR BASED ON THE EVIDENCE IN THIS CASE AND [R.C.] 2929.41(A) AND 2929.14(E), THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO TWELVE (12) MONTHS IN PRISON FOR A VIOLATION OF [R.C.] 2921.331, FLEEING, A FOURTH DEGREE FELONY. THE SENTENCE IS IMPERMISSIBLY EXCESSIVE AND MUST BE REDUCED TO CONFORM TO LAW.
 THIRD ASSIGNMENT OF ERROR BASED ON THE EVIDENCE IN THIS CASE, THE TRIAL COURT'S CONSECUTIVE SENTENCES TOTALING TWENTY-EIGHT (28) MONTHS FOR A CONVICTION OF TWO FOURTH DEGREE FELONIES VIOLATES [R.C.] 2929.41(A) AND [R.C.] 2929.14(E). THE SENTENCE IS IMPERMISSIVELY EXCESSIVE AND MUST BE REDUCED TO CONFORM TO LAW.
The foregoing assignments of error are treated together as they raise similar issues of law.
The procedural history is dispositive of this case. In his brief, Leach raises three assignments of errors claiming that the trial court unlawfully sentenced him to a term of twenty-eight months imprisonment. However, the instant appeal is taken from the judgment of the trial court denying judicial release on April 17, 2000, not the judgment of conviction and sentence issued on January 7, 2000. The appropriate window for Leach to have appealed the judgment of conviction and sentence was within thirty days of the January 7, 2000, judgment. See App.R. 4. This Leach failed to do. Postconviction motions do not revive a lapsed right to a direct appeal. See Id.
The judgment appealed from was a denial of a motion for judicial release under R.C. 2929.20. Yet within Leach's three assignments of error not once does he refer to R.C. 2929.20 or the standard for granting judicial release. Instead, Leach uses the denial of his motion for judicial release on April 17, 2000, as a stalking horse to attack the original judgment of conviction and sentence issued over three months previously on January 7, 2000. The plain terms of App.R. 4, however, kill any such attempt at procedural mischief.
Leach missed his thirty day window to appeal after the January 7, 2000, judgment and it cannot be belatedly revived by motion to the trial court. See App.R. 4. Moreover, any postconviction motion attacking the judgment of conviction and sentence would fall before the doctrine of resjudicata. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Leach's first, second, and third assignments are denied.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ DONNA J. CARR
BAIRD, P. J., WHITMORE, J., CONCUR.